17-200-cv
*Lees v. CUNY*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
REENA RAGGI,
*Circuit Judges.*

---

CAROL LEES,

        *Plaintiff-Appellant,*             17-200-cv

        v.

THE GRADUATE CENTER, CITY UNIVERSITY OF NEW YORK,

        *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JUSTIN S. CLARK (Matthew J. Blit, *on the brief*), Levine & Blit, PLLC, New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | DAVID LAWRENCE III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrew W. Amend, Assistant Solicitor General of Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney |

1

General of the State of New York, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 21, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Carol Lees appeals the December 21, 2016 judgment of the District Court, dismissing her claims pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and denying her leave to amend her complaint. Lees initially alleged that defendant-appellee the Graduate Center of the City University of New York ("CUNY") violated Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, the New York State Human Rights Law, and the New York City Human Rights Law by engaging in a course of conduct that ultimately resulted in her termination from employment. However, Lees appeals only the dismissal of her Title IX retaliation claim pursuant to Fed. R. Civ. P. 12(b)(6) and the denial of leave to amend. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* a district court's dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chase Grp. All. LLC v. N.Y.C. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010) (internal quotation marks omitted); *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 113 (2d Cir. 2005). We likewise review *de novo* a district court's denial of leave to amend that is based on an interpretation of the law, such as futility. *See Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Upon such review, we conclude that the District Court properly granted CUNY's motion to dismiss and denied Lees leave to amend her complaint. To establish a *prima facie* Title IX retaliation claim, a plaintiff must show "a causal connection between the protected activity and the adverse action." *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 91 (2d Cir. 2011). This can be done "either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory

animus directed against the plaintiff by the defendant." *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000).

Lees has done neither. She did not establish causation directly because she alleged no direct evidence of retaliatory animus. And she did not establish causation indirectly since by her own admission she did not begin engaging in protected activity until over a year *after* Ms. Bishop allegedly began exhibiting hostility toward Lees and CUNY stopped cooperating with her visa application. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise."). Accordingly, she has not made a *prima facie* case of retaliation under Title IX and the District Court properly dismissed her claim under Fed. R. Civ. P. 12(b)(6).

We also conclude that the District Court correctly denied Lees leave to amend her complaint. A court may deny leave to amend a complaint as futile "if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Here, Lees proposes amending her complaint to add only one additional fact, the date that she orally complained to Ms. Bishop. But as Lees admits in her original complaint, that conversation also took place *after* Ms. Bishop allegedly began exhibiting hostility toward Lees and CUNY stopped cooperating with her visa application. Thus, even with the inclusion of a precise date for the conversation, Lees's complaint would still fail to make a *prima facie* showing of causation.

## CONCLUSION

We have reviewed all of the arguments raised by Lees on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 21, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3